Filed 8/31/22  P. v. Russell CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B314572 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA371243) |
| v. | |
| CHERNOBY RUSSELL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Drew E. Edwards, Judge.  Affirmed.

Spolin Law and Aaron Spolin for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Daniel C. Chang and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Chernoby Russell (defendant) appeals from the denial of his petition for vacatur of his murder and attempted murder convictions and for resentencing under former Penal Code section 1170.95.[1] He contends that he made a prima facie showing of eligibility for relief under that statute, which required the court to issue an order to show cause and hold an evidentiary hearing. We find no error and thus affirm the order.

## BACKGROUND

In 2012, a jury convicted defendant of one count of first degree willful, deliberate, and premeditated murder (§ 187, subd. (a)), and one count of willful, deliberate, and premeditated attempted murder (§§ 664/187), committed in 2010.[2] The jury found true several gun enhancements alleged pursuant to section 12022.53 and that the crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)). Defendant was sentenced to a total prison term of 75 years to life. In 2014, we affirmed the judgment in *People v. Russell* (Feb. 5, 2014, B243631) (nonpub. opn.).

In February 2019 defendant filed a petition pursuant to former section 1170.95, alleging that a complaint, information, or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder

---

[1]     Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no substantive change in text. (Stats. 2022, ch. 58, § 10.) All further unattributed code sections are to the Penal Code unless otherwise stated.

[2]     Defendant was tried with codefendant James Evans, Jr., who was also convicted of the murder and attempted murder.

2

under the natural and probable consequences doctrine, and he was convicted at trial of first or second degree murder under one of those theories.  In a November 2020 amendment to the petition, defendant alleged that he was also convicted of attempted murder under the natural and probable consequences doctrine.  As amended, the petition further alleged that defendant could not now be convicted of murder or attempted murder due to changes made to sections 188 and 189 effective January 1, 2019, because he was not the actual killer; did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree; was not a major participant in the felony or act with reckless indifference to human life in the commission of the felony; and the victim of the murder was not a peace officer.

The trial court appointed counsel, permitted both sides to file briefs, and scheduled a hearing to determine whether defendant had made a prima facie showing of eligibility under former section 1170.95.  After considering argument of counsel, the trial court took the matter under submission and denied the petition on July 14, 2021, without issuing an order to show cause.

Defendant filed a timely notice of appeal from the court's order.

## DISCUSSION

Defendant contends that the trial court erred in both finding that defendant had not made a prima facie showing under former section 1170.95 and in denying his petition without holding an evidentiary hearing.

3

Effective January 1, 2019, the Legislature amended the laws pertaining to felony murder and murder under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) This provision "bars a conviction for first or second degree murder under a natural and probable consequences theory." (*People v. Gentile* (2020) 10 Cal.5th 830, 846 (*Gentile*).) The Legislature also added former section 1170.95 (now § 1172.6), which provides a procedure for convicted murderers to seek retroactive relief if they could not be convicted under sections 188 and 189 as amended effective January 1, 2019. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Effective January 1, 2022, former section 1170.95 was amended to apply to those convicted of attempted murder under the natural and probable consequences doctrine. (See Stats. 2021, ch. 551, § 2.)

Prior to the 2019 amendments to section 189 enacted by Senate Bill No. 1437 (2018-2019 Reg. Sess.), felony-murder law provided that anyone who committed or attempted to commit a felony listed in section 189, subdivision (a) in which a death occurred was liable for first degree murder without proof of an intent to kill or even implied malice, so long as the defendant intended to commit the underlying felony. (*People v. Eynon* (2021) 68 Cal.App.5th 967, 973, quoting *People v. Bryant* (2013) 56 Cal.4th 959, 965.)

Under the (now invalid) natural and probable consequences theory an accomplice was guilty not only of the "target offense" (the offense directly aided or abetted) but also of any "nontarget

4

offense" (any other offense committed by the direct perpetrator that was the natural and probable consequence of the target offense). (*Gentile, supra*, 10 Cal.5th at p. 843.) "A nontarget offense is the natural and probable consequence of a target offense 'if, judged objectively, the [nontarget] offense was reasonably foreseeable.'" (*Ibid.*)

Defendant's amended petition set forth the three conditions to eligibility for resentencing: (1) the petitioner was charged with murder or attempted murder under the natural and probable consequences doctrine; (2) petitioner was convicted of murder or attempted murder; and (3) "petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (Former § 1170.95, subd. (a).) As defendant's petition alleged the three conditions for relief, the trial court was required to appoint counsel and entertain briefing, which this court did. (Former § 1170.95, subd. (c); *Lewis, supra*, 11 Cal.5th at pp. 957, 962.) The court then conducted a prima facie analysis, which included examination of the record of conviction, as permitted under former section 1170.95, subdivision (c). (See *Lewis*, at p. 972.)

Defendant mistakenly contends that the trial court was required to undertake two separate prima facie reviews. During the prima facie review, if the record of conviction shows that petitioner is ineligible for relief as a matter of law, no prima facie showing can be made, and the petition is properly denied. (*Lewis, supra*, 11 Cal.5th at p. 971.) For example, where no jury instructions were given regarding felony murder or the natural and probable consequences doctrine, a petitioner is ineligible for relief as a matter of law. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 677.)

The trial court reviewed the CALCRIM jury instructions given at defendant's trial, all of which have been reproduced in the record of this appeal. The jury was not instructed with CALCRIM No. 403 or any other instruction regarding the natural and probable consequences doctrine. Nor was the jury given felony-murder instructions, CALCRIM Nos. 540A (where defendant allegedly caused the death) or 540B (where a coparticipant allegedly caused the death). As no jury instructions were given at defendant's trial regarding felony murder or natural and probable consequences, defendant is ineligible for relief under section 1170.95 as a matter of law.

Furthermore, "under [former] section 1170.95, a petitioner must make a prima facie showing that he or she '*could not* [presently] be convicted of first or second degree murder *because of* changes to Section 188 or 189' made by Senate Bill No. 1437." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 954, quoting former § 1170.95, subd. (a)(3).) Defendant is unable to do so, as he was convicted either as the actual killer or a direct aider and abettor who harbored either express or implied malice. The jury was instructed with CALCRIM No. 520 that a finding of intent to kill or implied malice was required for a murder conviction and with CALCRIM No. 600 that a finding of intent to kill was required for a conviction of attempted murder. The jury was also instructed with CALCRIM Nos. 400 and 401 that to find defendant guilty as an aider and abettor or the person who committed the crime, it must find that defendant knew of the perpetrator's unlawful intent and specifically aided, facilitated, promoted, encouraged, or instigated the commission of the crime. Directly aiding and abetting a murder remains a valid basis of liability for murder under the amendments to the murder laws. (*Gentile, supra*, 10

6

Cal.5th at p. 848.) Directly aiding and abetting attempted murder remains a valid theory for conviction. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

In his opening brief defendant contends that the jury was instructed regarding felony murder based on the underlying crime of discharge of a firearm from a motor vehicle and that he was convicted of felony murder. Defendant fails to point to a particular instruction in the record. Instead, he bases his contention on the representation in the prosecution's response to his petition that the prosecutor at defendant's trial argued that defendant committed murder that was willful, deliberate, and premeditated or felony murder by means of the discharge of a firearm from a motor vehicle.[3] Defendant's claim also mirrors the court's ruling on the petition in which it concluded "that the petitioners were convicted in this case under either a theory of willful, deliberate, and premeditated murder, or a theory of felony murder for the crime of discharge of a firearm from a motor vehicle which requires an intent to kill on behalf of the perpetrator."

As the People observe, the court was mistaken. The jury was not instructed that intent to kill or implied malice was unnecessary to a murder conviction, rather the jury was instructed with CALCRIM No. 520 that to find defendant guilty

---

[3] Neither party has asked that we take judicial notice of the trial record, and the arguments of counsel have not been included in the appellate record, which include the information and jury instructions taken from the trial record. The exhibits attached to the prosecution's response to defendant's petition are copies of the appellate opinion in *People v. Russell, supra*, B243631, the jury instructions, and the verdicts.

of murder it must find that he acted with express or implied malice, which the instruction defined, and added, "*If you decide the defendant committed murder, you must *then* decide whether it is murder of the first or second degree.*" (Italics added.) This was followed by CALCRIM No. 521, which instructed that murder was of the first degree if it was willful, deliberate and premeditated or was committed by means of discharge of a firearm from a vehicle. CALCRIM No. 521 was followed by CALCRIM No. 548, which instructed that the "defendants have been prosecuted for murder under two theories: (1) malice aforethought, and (2) murder by means of discharge of a firearm from a vehicle. [¶] Each theory of murder has different requirements, and I *will* instruct you on both." (Italics added.) Despite the future tense, the court had already read instructions on the elements of murder based upon express and implied malice.

In sum, the jury was instructed to *first* find defendant guilty or not guilty of murder and *then*, if guilty, to determine the degree of murder based on one of two theories, premeditation and deliberation or shooting from a motor vehicle. The verdict form confirms that the jury did just that, by stating in relevant part: "We, the Jury . . . find [defendant] guilty of the crime of MURDER . . . ." Below that, the verdict states: "We *further* find the murder was of the First Degree." (Italics added.)

As the jury was not instructed with regard to felony murder or the natural and probable consequences doctrine, defendant failed to make a prima facie showing of eligibility for former section 1170.95 relief as a matter of law. (See *People v. Daniel, supra*, 57 Cal.App.5th at p. 677.) In ruling on the former section 1170.95 petition, the court here apparently misinterpreted one of

8

the instructions as a felony-murder instruction.  Despite this misinterpretation, we agree with the People that the court's ruling that defendant was ineligible for relief is correct and must thus be affirmed.  (See *People v. Smithey* (1999) 20 Cal.4th 936, 972 [ruling correct on the law is affirmed regardless of lower court's reasoning].)

In reply, defendant acknowledges there was no instruction regarding felony murder or the natural and probable consequences doctrine, but suggests that because his petition contained all the required allegations, he sufficiently made a prima facie showing of eligibility.  We disagree.  Once the court appoints counsel and receives briefing from the parties, as the trial court did here, it is appropriate to review and determine the merit of the record of conviction.  (*Lewis, supra*, 11 Cal.5th at pp. 970-972.)

Defendant also presents the evidence as summarized in *People v. Russell, supra*, B243631, and argues that he "must have" been convicted of felony murder or murder and attempted murder under the natural and probable consequences doctrine because the evidence was not sufficient to convict him otherwise. Defendant is not permitted to relitigate the sufficiency of the evidence to support a guilty verdict in the prima facie stage of a former section 1170.95 proceeding.  (See *People v. Farfan, supra*, 71 Cal.App.5th at p. 947.)  "'The purpose of [former] section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.'"  (*Ibid.*)

We conclude that the trial court correctly found that defendant was ineligible for relief under former section 1170.95.

**DISPOSITION**

The order denying the petition is affirmed.

_____
CHAVEZ, J.

We concur:

_____
ASHMANN-GERST, Acting P. J.

_____
HOFFSTADT, J.